Under anyone's view of this case, it is now clear that the theory the prosecution used to convict Mr. Hankston of attempted murder was wrong. At trial, the prosecution claimed that the four casings were covered at the scene, were fired at the scene, and that they were all fired by Hankston, as their witnesses claimed.  The proceeding that's now been ordered by the lower court shows that those casings came from at least two and possibly three different guns. Whatever theory the State now offers to explain this result, there is prejudicial constitutional error that should be remedied by this Court. The claim I'm discussing is Ground One, Subsection 4, which is a claim of ineffective assistance of counsel. And because we all agree that this claim wasn't raised in the State court, it is filtered through Martinez, because we also claim that state post-conviction counsel is ineffective for not raising this claim. Before I discuss it, I just want to note that Ground 1, 4 is a subsection of a much larger ineffectiveness claim, and we did not do the Martinez or the merits inquiry with those claims because the judge ruled that they, unlike Ground 4, should be procedurally dismissed. And in my briefing in the uncertified section, I explain why that result, why that ruling was wrong or at least debatable. I think it would, while I think this ground can stand on its own as a basis for relief, I think it would help the Court's review to grant a COA on that issue to look at the whole context of this IAC claim. But proceeding on Ground 1, 4, I had asked for discovery in the lower court to develop the claims, and the Court granted it. If I might, if I might jump ahead, if you don't mind. The district court found, I'm just quoting, these test results do not support a conclusion that one of the bullet casings found at the scene was shot by a different gun from the other three. And says, goes on to say the photograph of the bullet makes it obvious that the bullet casing number 4 was not recently shot. The bullet casing was tarnished and corroded and had plainly settled into gravel and debris over time. So that's his conclusion is that it wouldn't have made any difference. So what's wrong with that? The conclusion the district court judge made was based on this theory that the State introduced. I mean, this case, these pictures were taken in 2006, and this Judge Mahan concluded, which was that the one casing seemed to be from a different shooting than the other ones. In fact, the prosecution had specifically said in their opening statement that those four casings were the four casings from the shooting. I disagree with the analysis of the photographs. I agree you can hold up two of the Am I correct in understanding that Mr. — I think his name was Wentworth? Yes. To be a lawyer. I believe he testified that your client told him there was a mistaken identification that he wasn't even there. Is that wrong, or is that right? No, that was not — I don't think that was ever the issue here. I mean, I think the undisputed fact was that this group of young men came to where Hangston was to sort of follow up on an argument that had happened earlier in the day. I think what you're referring to is this dispute over what theory of defense the lawyer should have presented. Well, that's right, because you're alert that you're alleging ineffective assistance. And he alleged to his lawyer at the time of trial there was a mistaken ID. It wasn't him. That wasn't what he said. What the lawyer's defense in trial was that somebody else was the shooter. And again, this goes into the uncertified issues. I think it is — Isn't that mistaken ID? He's not saying that in the sense that he's not there. He's saying that somebody else was the person who shot the person who was the alleged victim. But whether it was that or some other defense, the idea — the testing would have helped that defense as well as it would have helped any other defense, because it would have shown that there was more than one gun fired at the scene. Why? Let's assume that your — your client claims, I wasn't the shooter. Does it matter whether there — he was shot by one other person or 12 other people? It does matter. The reason why these casings are so important is that this case, without the physical evidence, is a five-alarm mess for the State. They have these two groups of young men who are involved in this gang-related shooting. Everybody runs away after it happens. Nobody wants to cooperate with the police. Everybody has a criminal record. People make statements that contradict one another. What the prosecution does have is they have witnesses who claim that four shots were fired by Hankston, and then they have these four casings that were recovered at the scene. So we've got four casings. This corroborates what our witnesses say. So to go back to what I said at the beginning, now, we know now that's wrong. You know, those — you know, whether that fourth casing came — was there already, as the State is now claiming, or whether it was from the shooting, as they had claimed for the previous 10 years, the evidence doesn't match what their witnesses say. And again, the State didn't make this argument until the testing results came in. Up until that moment, it was, these are the four casings that were fired by Hankston at the scene. They changed their theory when the evidence didn't match it anymore. And I've suggested that it's not just wrong, but that it's a bit disingenuous. Again, the photos that the lower court looked at and made the decision based on have been available from the beginning to every prosecutor and every police officer and everyone else who's been involved with this case. And nobody ever said, you know, one of these casings is irrelevant because it's from a different shooting. The other point that I've made in my briefing, though, is even if there is merit to this theory that the State is advancing now, we're just trading one problem for another, because if it is, as the judge below concluded, obvious that one of these casings is from an earlier shooting, it should have been obvious to the prosecutor, but he said the opposite to the jury. What's been happening here is the State has been misrepresenting evidence to the jury and to the courts for 10 years to defend Mr. Hankston's conviction. One way or another, we have a problem here, and it should be remedied. It was erroneous, at least for the lower court, to decide this case just by holding up the two pictures. There are better ways, if the court believes that this issue should be explored at all, to determine the age of the casings. We can have a hearing where we can hear from, for example, the crime scene investigator who collected these casings in their original condition and who has never claimed that one of them came from a different shooting than the others. You know, if it does appear, even if it does appear that the State is right, then there is still this Napoli giglio aspect to the claim. Mr. Hankston should be granted the opportunity to amend his petition to allege it. And as I said at the beginning, there are other ineffectiveness claims here, too, that relate to these issues of what theory of defense should have been raised. And we should have a fair opportunity to consider all of these claims together rather than just this one claim in isolation. So I would reserve the rest of my time for rebuttal. Thank you, Counsel. Good afternoon, Your Honors. Heidi Perry Stern on behalf of Respondents' Appellees. The fatal weakness of Mr. Hankston's claim before this Court is the fact that given the evidence and the information that trial counsel had at the time of trial, he was not ineffective for deciding not to test the four casings at issue here. He had no evidence that anyone else at the scene had a gun except for Hankston. Three eyewitnesses testified that Hankston had a gun, one of whom, Andre Gibson, the victim, saw Hankston shoot him. That was corroborated by the fact that he was shot in the stomach facing the person who shot him. In addition, Daryl Newton and Kevin Washington both either saw Hankston with a gun or saw him attempting to pull a weapon out of his pants to lift it up to shoot at their group. In addition, Hankston never mentioned the idea of self-defense as a possibility to raise at trial. Trial counsel testified to this at the evidentiary hearing before the State Court. The State Court, importantly, found counsel to be credible. In addition, other witnesses would not come to trial. They had nothing helpful to offer. This also came into evidence at the evidentiary hearing, where a police statement from Shane Harris, who was one of the other people purportedly there at the time of the crime, said he had not seen the shooting. Later on, we have an affidavit from Mike Hill, another potential witness, also saying he had not seen the shooting. So in short, trial counsel did not behave objectively and reasonably in making a strategic decision to go with an identification defense. In fact, if we look at the end of trial when Mr. Hankston is making comments about his attorney, he doesn't raise this idea of self-defense or another shooter. What he raises are things related to, well, they couldn't see me because I had a black or gray sweatshirt. It was all related to this misidentification defense. That was trial counsel's concern, and it was Mr. Hankston's concern at that time. But I think the concern here is if you don't investigate properly, you don't know what your strategic options are. So if he ordered testing of the casings, he might well have advanced the theory of self-defense for a second shooter. Or as counsel says, he might have said, that's not inconsistent. It shows that there were more than one gun at the scene. That's correct, Your Honor. It's not the standard that trial counsel has held to, however, on the review that we have before us, which offers a lot of deference to the strategic decisions of trial counsel. No question. But it has to be based on a, strategic decisions have to be based on reasonable investigation. So I think that's where we are in this case, is that was it, and you've articulated some reasons why, but was it reasonable for him not to investigate the casings? Yes. And so I won't repeat what I've said, but I believe the evidence in existence at the time made it reasonable not to test them. In addition, he could have tested them and found they all came from the same, he didn't know. They could have undermined his entire defense. So at the time, he had to decide what to put his energies into. I think he rightly decided to put them into investigation of witnesses rather than the casings. In addition, I want to talk about the prosecution's theory at trial a little bit, because Mr. Hankston in his appeal makes much of this theory at trial, was that there were four shots fired. That was not the prosecution's theory at trial, however. Their theory at trial was that Lamel Hankston attempted to murder Andre Gibson by shooting him directly in the stomach, point blank. And that theory is not reliant on there being four shots. Now, it is true that some of the witnesses said they heard four shots. One of the witnesses, Andre Gibson, said he heard three or four. And the only place where we see the prosecution referring to these four shots is in opening argument as sort of an aside, as well as during closing. And if we look at how these four shots were used by the prosecution during closing, they were used as one of several elements to show intent. And if you switch out that four-shot argument and put three shots instead or even two shots, the argument for intent is just as strong as it would be with four shots. So that just simply wasn't a rel — I wouldn't say it wasn't relevant. It wasn't material. It was not crucial to the prosecution's theory at trial. And when the Federal District Court in this case examined the casings, I also want to point out that Hankston's brief says that it is improper for the district court to have relied on the photos alone. That's not what happened. The Federal District Court in this case did what he's supposed to do, which was think as a juror, looking at the evidence that the jury had before them and adding this additional fact that one of the casings came from a different gun, but it's still unknown when that casing was fired. He determined that that would not have resulted in a difference. And he did not rely on the trial, the testing of that one casing. So he — it is incorrect to say that he only relied on the photos. I think that that is all that I have, unless Your Honors have questions. Roberts. Any questions? Gershengorn. I don't. Roberts. Thank you. Gershengorn. Thank you. Gershengorn. Three things, Your Honor. First of all, the four shots was certainly material to the trial. It was stated over and over again by the prosecutor in the opening and in the closing. They got the State courts to adopt it. And it's disingenuous for the State to say now, oh, it doesn't matter. With regards to the claim that is now being made that the attorney had a strategic reason for not pursuing this testing, there's absolutely nothing in the record that supports that. What this record does show is that this is a trial attorney who began his fact investigation for this attempted murder case four days before the trial started. There is nothing in the record that shows that he had some strategic reason. And, indeed, the lower court decided these claims solely on the basis of prejudice. So it would be the court should not reach that issue. If we want to reach it, we should have a fair hearing on the matter. Third, the State is bringing up this self-defense issue again. There's much to be said about that. Again, these are the uncertified claims that the district court didn't even reach the merits of that I think that the court should grant a COA on. But for purposes of the ground we're talking about, it doesn't really matter whether we're talking about self-defense or whether we're talking about identity or whether we're just trying to show reasonable doubt, the testing of the bullets is highly exculpatory. The testing results are highly exculpatory. If there's another gun fired at the scene, if the evidence doesn't match what the State's witnesses say, that's exculpatory regardless what the specific theory of defense is. The specific theory of defense should have been self-defense because that's what Hankston has always maintained and because there is a mountain of evidence that could have been discovered by the lawyer to support it. And I think that's a matter that should be fully explored by the district court on remand. But for purposes of this claim, the fact that we now know that the evidence doesn't match what the witnesses say would be enough to find constitutional error. Thank you, Counsel. The case has started to be submitted for decision.
judges: Fernandez, Thomas, Ezra